UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANAGED OWNERS GROUP LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | Civil Action No. 3:24-CV-1336-X |
| NATIONWIDE GENERAL INSURANCE COMPANY, | § § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Nationwide General Insurance Company's (Nationwide) motion for summary judgment. (Doc. 38). After reviewing the briefing and the law, the Court **GRANTS IN PART AND FINDS AS MOOT IN PART** the motion. Additionally, the Court **GRANTS IN PART AND FINDS AS MOOT IN PART** Nationwide's motion to strike the testimony of Phil Mayfield. (Doc. 31). Finally, and as a result of these rulings, the Court **FINDS AS MOOT** all other outstanding motions. A final judgment will follow.

### I. Factual Background

People in North Texas have at least a few common experiences between them: being disappointed in the Dallas Cowboys, losing Luka Dončić to the Lakers, and being in a hailstorm. This case arises from another experience many in North Texas have had: a denial of insurance coverage after a storm.

1

Nationwide sold an insurance policy to Managed Owners Group, LLC (Managed Owners) to insure a property in Cleburne, Texas. That policy ran from January 19, 2023 through January 19, 2024. In September of 2023, a storm caused damage to the buildings, causing water damage, and Managed Owners filed a claim with nationwide under the policy. Nationwide then sent a field adjuster to inspect the property. Managed Owners contends that the adjuster was unqualified and was either untrained or purposefully ignored damage to the property.

Then Managed Owners retained an independent adjuster to inspect the damage to the property and to estimate repairs. Afterward, Managed Owners sent its pre-suit notice and demand under Chapters 541 and 542 of the Texas Insurance Code. Once Nationwide received the notice and demand, it requested a reinspection of the property—which reversed Nationwide's initial denial of coverage. But, according to Managed Owners, Nationwide underestimated the damage and the estimate was below the deductible. Managed Owners then filed this suit in state court and Nationwide removed this case to federal court.

Managed Owners Group brings several claims: breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act.

## II. Legal Standard

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."[1]  "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[2]  Courts "resolve factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[3]

### III.  Motions to Strike

Because of the Court's resolution of this case, the Court need only address Nationwide's motion to strike expert Phil Mayfield's opinions and testimony.  (Doc. 31).  Nationwide advances a bevy of arguments against Phil Mayfield's testimony. Nearly all of them are forms of cross-examination themes that are better suited for trial than a motion to strike.  However, one thread troubles the Court.  That is, Mayfield's dismissal of other possible storms that could have caused the damage in this case renders his methodology unreliable.

The Court has read Judge Barker's analysis in *Hilltop Church of Nazarene v. Church Mutual Insurance Company*[4] and finds his analysis highly convincing.  In that case, the plaintiff's "expert concluded that all damage to plaintiff's property was caused by one and only one hailstorm."[5]  The defendant moved to strike under *Daubert* because it was unreliable and *ipse dixit* because the methodology failed to

---

[1] Fed. R. Civ. P. 56(a).

[2] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[3] *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (cleaned up).

[4] No. 6:21-CV-00322, 2022 WL 17823931 (E.D. Tex. Dec. 20, 2022).

[5] *Id.* at *1.

exclude other possible damage-causing storms yet concluded that only one particular storm caused the damage.[6]  In particular, the expert conducted only a limited search of the storm database of only a single year of storms.[7]  In that case, there was a 25-month gap between the purported date of loss and the date of inspection.[8]

Here, Mayfield visited the site in November of 2024, while the roof purportedly suffered damage on September 8, 2023.[9]  Mayfield does not account for this roughly 15-month gap in his analysis.  Additionally, Mayfield does not account for other storms that took place in the area prior to coverage.  Nevertheless, at Mayfield's deposition when asked how he could rule any other storms out, Mayfield stated that he relied on the owner's statement that the owner had not experienced ongoing or chronic leaks prior to the date of loss.[10]  When asked if he had any other basis than the owner's statement he stated: "Intuition and logic."[11]

Mayfield's reliance on the owner's statement and "intuition and logic" in this inquiry into reliability concerns the Court.  Plainly put, it is not scientifically valid to rely only on the statement of the property owner for causation.  And just to prove there is nothing new under the sun, the expert in *Hilltop Church* also relied on "the

---

[6] *Id.* at *2.

[7] *Id.*

[8] *Id.*

[9] Doc. 33-3 at App. 13, 15..

[10] Doc. 33-6 at App. 117.

[11] Doc. 33-6 at App. 117.

reports of the church's owners" to exclude "other possible storms."[12]  But there, as here, "his report never discussed their purported comments."[13]

As for Mayfield's reliance on "intuition and logic," Mayfield did nothing but guess as to how this insurance policy worked and whether it was inspected prior to insuring the property.[14]  Indeed, Mayfield admitted to relying on that supposition that the damage that occurred to the property occurred at the same time.

To allow Mayfield's testimony would bootstrap fact witness testimony into expert testimony without any reliable methodology.  This is a bridge too far.

Therefore, as in *Hilltop Church*, the Court here **GRANTS** Nationwide's motion to strike Mayfield's testimony as to the date of loss.  Otherwise, the Court **FINDS AS MOOT** the remainder of that motion and all other motions to strike, considering the rest of the Court's analysis.

## IV.  Merits Analysis

### A. Business Personal Property Claim

To start, Managed Owners withdrew its business personal property claim. **(Doc. 52 at 8-9).**  Accordingly, the Court **FINDS AS MOOT** the motion for summary judgment as to this claim.

---

[12] *Hilltop Church*, 2022 WL 17823931, at *2.

[13] *Id.*

[14] *See* Doc. 33-6 at App. 117 (Q: Do you know whether or not such an inspection ever occurred at this property? A: No. Q: Are you just assuming that it had? A: I assume that if it's a legitimate insurance company, they did it.).

### B. Objection to Historical Storm Data

Nationwide cites to some evidence from the National Centers for Environmental Information's Storm Events Database[15] reflecting that Johnson County experienced high winds on several occasions going back roughly eleven years.[16] Managed Owners objects on the basis that it's hearsay and conclusory. "Hearsay is not competent summary judgment evidence, unless its proponent can show that the statement can be presented in an admissible form at trial."[17] The information in the database, even if it is hearsay, falls under the public records exception because it simply makes "routine, objective observations, made as part of the everyday function of the preparing official or agency."[18] Therefore, Managed Owners's objection is overruled.

### C. Breach of Contract

Nationwide argues that it is entitled to summary judgment because Managed Owners has no evidence from which a jury could segregate covered losses versus non-covered losses—which is required under Texas law. In particular Nationwide argues that neither of Managed Owners's experts brought forward evidence or opinions that distinguished damaged caused by the covered cause of loss and other causes of loss.

Texas law refers to this situation as "concurrent causation." Basically, this occurs "when covered and excluded events combine to cause an insured's loss. Under

---

[15] *Storm Events Database*, National Oceanic and Atmospheric Administration, https://www.ncdc.noaa.gov/stormevents/ [https://perma.cc/9MYV-UFV3].

[16] Doc. 41 at App. 570.

[17] *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 218 (5th Cir. 2024) (cleaned up).

[18] *United States v. Quezada*, 754 F.2d 1190, 1194 (5th Cir. 1985).

that doctrine, if covered and uncovered events are inseparable, then causation is concurrent, the insurance policy's exclusion applies, and the insurer owes no coverage for the loss."[19]   The Fifth Circuit has recognized too that "the burden of segregating the damage attributable solely to the covered event is a coverage issue for which the insured carries the burden of proof.   Failure to segregate covered and noncovered perils is fatal to recovery."[20]

Managed Owners failed to come forward with any evidence to segregate the damage and appears to misunderstand the standard.   The relevant legal question isn't whether Managed Owners has some evidence to show that the loss came from a covered event—it's whether it has some evidence that the loss came from a covered event versus an excluded one.

This makes sense especially in the hail/wind damage nature of this case.   When someone files an insurance claim, no one yet knows (without some investigation) whether the loss came from a covered event or it has been there for decades, or some loss is from the covered event but some has been there for years.   Under Texas law, the burden rests with the insured to show which damage came from the covered event and which came from an excluded event—or at least come forward with enough evidence that provides a reasonable basis for a jury to find that the damage came from a covered event.

---

[19] *Dillon Gage Inc. of Dallas v. Certain Underwriters at Lloyds Subscribing to Pol'y No. EE1701590*, 636 S.W.3d 640, 645 (Tex. 2021).

[20] *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 477 (5th Cir. 2022) (per curiam) (cleaned up).

Instead, Managed Owners dedicated four paragraphs of its brief to this issue and nowhere pointed the Court to where its evidence of segregated damage is. As the Fifth Circuit has said before, "[f]ailure to segregate covered and noncovered perils is fatal to recovery."[21] As a result, Nationwide is entitled to summary judgment on the breach of contract claim.

### D. Extra-Contractual Claims

In this situation, under Texas law, the general rule is that extra-contractual claims cannot survive in an insurance dispute absent a viable breach of contract claim or an exception. This is referred to as the "no-recovery rule" and it states that: "[A]n insured cannot recover *any* damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained an injury independent of a right to benefits."[22]

So, because Managed Owners has not established a right to receive benefits, it needs to show an independent injury. Having a successful independent injury claim is technically possible but very difficult. That's because the Texas Supreme Court has "left open the possibility that an insurer's denial of a claim it was not obliged to pay might nevertheless be in bad faith if its conduct was extreme and produced damages unrelated to and independent of the policy claim."[23]

Managed Owners argues that fact questions exist about the "legitimacy of [Nationwide's] investigation, whether [Nationwide] breached its duty of good faith

---

[21] *Id.* (cleaned up).

[22] *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018).

[23] *JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 602 (Tex. 2015) (cleaned up).

and fair dealing, and whether that breach was done knowing/intentionally."[24]   While that may be so, Manages Owners has not established an independent injury.  Indeed, the section of its brief concerning this point is entirely derivative of the notion that Nationwide failed to uphold its end of the insurance agreement.  As a result, it failed to argue for an independent injury.

### IV.  Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND FINDS AS MOOT IN PART** Nationwide's motion for summary judgment.  Additionally, the Court **GRANTS IN PART AND FINDS AS MOOT IN PART** Nationwide's motion to strike the testimony of Phil Mayfield.  (Doc. 31).  Finally, and as a result of those other rulings, the Court **FINDS AS MOOT** all other outstanding motions.  A final judgment will follow.

**IT IS SO ORDERED** this 27th day of June, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[24] Doc. 52 at 14.