UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANAGED OWNERS GROUP LLC, § § § § *Plaintiff,* § § v. § § NATIONWIDE GENERAL § INSURANCE COMPANY, § § § *Defendant.* § § | | Civil Action No. 3:24-CV-1336-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Managed Owners Group LLC's motion to vacate judgment. (Doc. 66). After reviewing the briefing and the law, the Court **DENIES** the motion.

The Fifth Circuit requires a Rule 59(e) motion to "'clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise argument which could, and should, have been made before the judgment issued.'"[1] Managed Owners relies on a document provided to the Court prior to its final judgment as grounds to vacate the final judgment.[2] Thus, facially Rule 59(e) is inapplicable because Managed Owners does not present "newly discovered evidence."

---

[1] *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003) (cleaned up).

[2] *See* Doc. 63, Ex. 2.

1

The Court granted summary judgment to Nationwide on Managed Owners's breach of contract claim because Managed Owners "failed to come forward with any evidence to segregate the damage."[3] And the "[f]ailure to segregate covered and noncovered perils is fatal to recovery."[4] Even considering the additional document, Managed Owners does not segregate damages between covered and noncovered perils.[5] Again, the failure to do so it fatal. Accordingly, for these two reasons, the motion is **DENIED**.

**IT IS SO ORDERED** this 17th day of September, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] Doc. 64 at 7.

[4] *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 477 (5th Cir. 2022) (per curiam) (cleaned up).

[5] Additionally, any argument that Managed Owners did not have to segregate damages "could, and should, have been made before the judgment issued." *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019) (cleaned up)."